RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0007p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DOROTHY HENSLEY, et al.,

        *Plaintiffs-Appellants,*

    *v.*

CITY OF COLUMBUS, et al.,

        *Defendants-Appellees.*

No. 02-3778

>

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00888—George C. Smith, District Judge.

Argued: December 4, 2003

Decided and Filed: January 10, 2006

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Steve J. Edwards, Grove City, Ohio, for Appellants. Patricia A. Delaney, COLUMBUS CITY ATTORNEY'S OFFICE, Columbus, Ohio, for Appellees. **ON BRIEF:** Steve J. Edwards, Grove City, Ohio, for Appellants. Patricia A. Delaney, COLUMBUS CITY ATTORNEY'S OFFICE, Columbus, Ohio, Kevin P. Foley, REMINGER & REMINGER, Columbus, Ohio, Kenneth E. Harris, HARRIS, TURANO & MAZZA, Columbus, Ohio, Thomas J. Broschak, ULMER & BERNE, Columbus, Ohio, for Appellees.

---

**OPINION**

---

    BOYCE F. MARTIN, JR., Circuit Judge. This case involves a federal takings claim arising from dewatering activities conducted by the City of Columbus. In our review of the district court's judgment, we requested that the Supreme Court of Ohio answer an important question of first impression which was raised in the case. The Supreme Court of Ohio has now answered that question and given its answer, the case must be REMANDED to the district court for trial.

I.

    In 1990, the City of Columbus decided to extend a sewer line. The defendants, the City of Columbus and several private entities, were forced to create a dry trench by pumping groundwater out from the plaintiffs' property area ("dewatering") in order to install the pipe necessary for the

planned sewer line extension.  The defendants have stipulated that for purposes of this proceeding their dewatering activity caused the plaintiffs' wells to become dry.

## II.

### A.  State Court

On April 21, 1992, the plaintiffs filed a complaint in state court alleging that the defendants' actions constituted an unreasonable use of their groundwater pursuant to the tort claim created by the Supreme Court of Ohio's decision of *Cline v. American Aggregates Corporation*, 474 N.E.2d 324 (Ohio 1984).  The state court denied the plaintiffs' request for class certification, which was affirmed on appeal.  The Ohio Supreme Court declined to review the appeal.  The plaintiffs voluntarily dismissed the case, but re-filed their complaint later that same day.  The state court granted the defendants' summary judgment motion on immunity grounds and the appellate court affirmed under slightly different reasoning.  The Supreme Court of Ohio declined review.

### B.  Federal Court

On September 30, 1999, the plaintiffs filed a complaint with the district court pursuant to 42 U.S.C. § 1983, alleging a federal takings claim and a procedural and substantive due process claim.  On May 23, 2002, the district court concluded that Ohio does not recognize a property interest in groundwater, which the district court concluded was insufficient to support a federal takings claim.  Accordingly, the district court granted summary judgment to the defendants. Because the district court found that the plaintiffs did not have a property interest in the groundwater, it concluded that the plaintiffs were not deprived of due process.

We heard the appeal of that judgment on December 4, 2003 and on February 20, 2004 this panel filed an order certifying a question of law to the Supreme Court of Ohio.  That question of first impression for Ohio was "[d]oes an Ohio homeowner have a property interest in so much of the groundwater located beneath the land owner's property as is necessary to the use and enjoyment of the owner's home?"  The Supreme Court of Ohio agreed to answer this question on April 28, 2004. *Hensley v. City of Columbus*, 807 N.E.2d 365 (Ohio 2004).  On December 21, 2005, the Supreme Court of Ohio answered the question in the affirmative, holding that "Ohio homeowners have a property interest in the groundwater underlying their land and [] governmental interference with that right can constitute an unconstitutional taking." *McNamara v. City of Rittman*, 838 N.E.2d 640, 646 (Ohio 2005).

## III.

Now that the Supreme Court of Ohio has held that property owners in Ohio have a property interest in the groundwater beneath their land, the district court's judgment on that issue must be REVERSED and the case REMANDED for further proceedings consistent with this opinion and the decision of the Supreme Court of Ohio.